VON SCHRADER MANUFACTURING COMPANY, A BODY CORPORATE, PLAINTIFF-RESPONDENT, v. WILLIAM V. RAUSCHER, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided September 28, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Solomon Tepper.*

For the defendant-appellant, *Hall and Parker* (*Thomas B. Hall,* of counsel).

The opinion of the court was delivered by

PORTER, J. This is an action in replevin to recover possession of a certain machine sold by the respondent to the appellant under a conditional sales agreement. The machine is made and sold for the purpose of cleaning rugs, upholstered furniture, &c. The purchase price was $345 of which the defendant paid $170. The balance was payable in monthly installments.

The defendant made but one further payment which was of $25. Some two years later this action was commenced which followed some correspondence between the parties concerning the method of using the machine, missing and broken parts, &c.

The defendant counter-claimed charging that fraudulent representations were made as to the operation of the machine and the results which would result and asked for judgment for the amount paid on account.

From the settled state of case it appears that testimony was heard by the court sitting without a jury.

The court found for the respondent and against the appellant on the counter-claim.

The making of the agreement, the amount paid thereunder and the delivery of the machine were not disputed. The issues in dispute were those set up in the counter-claim. On these issues there was correspondence and conflicting testimony from which the facts were found by the trial court. There being evidence to support the court's findings this court will not review the facts. There are many decisions of this court to that effect, typical of which is *Upton* v. *Slater,* 83 *N. J. L.* 373.

The appellant urges as a ground for appeal the rejection of a circular offered by him in evidence which he said he received by mail from the respondent prior to the sale and in which circular is contained certain representations concerning the machine which he relied on. The offer was objected to on the ground that it was not properly offered. We do not perceive from the state of case or from the briefs of counsel why same was not properly offered. Assuming, however, that the court erred in rejecting it we think it was harmless

because all of the representations contained in the circular were otherwise testified to and this evidence at best was merely cumulative.

Having concluded that the judgment should be affirmed, it becomes unnecessary to consider technical objections to the appeal raised by the respondent.

The judgment is affirmed, without costs.